J-A15027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                         :         PENNSYLVANIA
                                         :
               v.                       :
                                         :
                                         :
MICHAEL LEIGH MALETA            : 
                                         :
           Appellant          :   No. 1187 WDA 2021

Appeal from the Judgment of Sentence Entered September 23, 2021,
in the Court of Common Pleas of Fayette County,
Criminal Division at No(s): CP-26-CR-0000490-2020.

BEFORE: BOWES, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.:         **FILED: AUGUST 5, 2022**

    Michael Leigh Maleta appeals from the judgment of sentence entered against him following his jury trial and conviction for carrying a firearm without a license, graded as a misdemeanor of the first degree, and the summary offenses of driving an unregistered vehicle and careless driving.[1] Maleta challenges the sufficiency of the evidence for the conviction for carrying a firearm without a license. We affirm.

    On January 22, 2020, Pennsylvania State Police Trooper Patrick Biddle filed a criminal complaint against Maleta. The case proceeded to a jury trial on September 7 and 8, 2021.

    The evidence at trial showed that on the morning of June 10, 2019, Maleta drove into a telephone pole in Fayette County, Pennsylvania. He pulled

_____

[1] 18 Pa.C.S.A. § 6106(a)(2) and 75 Pa.C.S.A. §§ 1301(a) and 3714(a).

his disabled vehicle off the road and into a driveway, where a woman said that she had already called 911 to report the crash. Maleta then left for work. Later that afternoon, Trooper Biddle responded to the scene. Because the car was still blocking the driveway, Trooper Biddle arranged for a tow truck.

Before the car was towed, Trooper Biddle performed an inventory search and found a loaded handgun in the center console. He checked the NCIC (National Crime Information Center) database, which showed that Maleta's license to carry firearms expired in 2010. Trooper Biddle called Maleta, who said that he was buying the gun from a man in Washington for $175.00. Maleta told Trooper Biddle that he thought he had a firearms license.

Trooper Biddle sent an information and certification form to the State Police Bureau of Records and Identification, Firearms Division. The form was returned to indicate that "on the date of the incident[, Maleta] did not have a valid License to Carry Firearms issued under [18 Pa.C.S.A. § 6109]." N.T., Trial, 9/7/21, at 43.

Gerald Thomas, Jr., who operates the Fayette County Sheriff's Office Gun Permit Office, checked Maleta's records through PICS (the Pennsylvania Instant Check System). The PICS database showed that Maleta had a firearms license until 2010 and that his applications had been denied in 2015 and 2020.

Maleta testified that he had maintained his license to carry a firearm for 23 years. However, he said that he lost his wallet in Las Vegas in 2017, which had contained his most recent firearms license. At trial, Maleta produced a

firearms license that was valid from 2010 to 2015, which the Commonwealth witnesses agreed was valid during those years.

The jury convicted Maleta of carrying a firearm without a license. The trial court separately convicted him of two summary offenses. On September 23, 2021, the trial court sentenced Maleta to pay a fine of $500.00 for carrying a firearm without a license. The court imposed no further penalty on the summary offenses. Maleta timely appealed; Maleta and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Maleta raises the following issues:

Did the Commonwealth fail to present sufficient evidence to prove beyond a reasonable doubt that [Maleta] was not "otherwise eligible" to possess a valid firearms license?

Did the Commonwealth fail to present sufficient evidence to prove beyond a reasonable doubt that [Maleta] did not have a valid firearms license at the time alleged in the criminal complaint?

Maleta's Brief at 7 (capitalization omitted).

Both of Maleta's issues challenge the sufficiency of the Commonwealth's evidence. As such, we apply the following well-settled standard:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder['s]. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth

- 3 -

may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Holt*, 270 A.3d 1230, 1233 (Pa. Super. 2022) (quoting

*Commonwealth v. Jackson*, 215 A.3d 972, 980 (Pa. Super. 2019))

(brackets omitted).

Maleta was convicted of violating Section 6106(a)(2) of the Crimes

Code. The statute provides:

**Firearms not to be carried without a license.**

**(a) Offense defined.--**

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

(2) A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license and has not committed any other criminal violation commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6106(a). A defendant's "non-licensure is the essential element" of this offense, a status that the Commonwealth must prove beyond a reasonable doubt. *Commonwealth v. Woods*, 638 A.2d 1013, 1016 (Pa. Super. 1994). Additionally, "the Commonwealth must establish that a

defendant acted intentionally, knowingly or recklessly with respect to each element" of Section 6106. ***Commonwealth v. Johnson***, 192 A.3d 1149, 1155 (Pa. Super. 2018) (quoting ***Commonwealth v. Scott***, 176 A.3d 283, 291 (Pa. Super. 2017)).

Maleta's first claim is that the Commonwealth's evidence was insufficient to prove that Maleta was not "otherwise eligible to possess a valid license" under Section 6106(a)(2). The trial court and Commonwealth both agree with Maleta that the Commonwealth did not introduce any evidence of ineligibility. That is why the court sentenced Maleta under the misdemeanor provision, Section 6106(a)(2), rather than the felony provision, Section 6106(a)(1). The distinction is for purposes of grading and sentencing; it does not create an additional element required for conviction. ***Commonwealth v. Bavusa***, 832 A.2d 1042, 1056 (Pa. 2003). As Maleta was sentenced under the lower-graded provision, there is no merit to Maleta's first claim.

Maleta's second claim is that the Commonwealth's evidence was insufficient to prove that Maleta did not have a valid firearms license when he crashed his car. Maleta emphasizes his own testimony that in 2019, he thought that he had a firearms license. At trial, he produced a license valid from 2010 to 2015, which he argues should contradict the police reports that his license expired in 2010, casting into doubt that he did not have a license in 2019. However, this argument misapprehends the standard for reviewing evidentiary sufficiency. The license that Maleta produced at trial had limited probative value because it was not valid on the date of the accident, June 10,

2019. The jury remained free to believe the reported conclusion that Maleta did not have a firearms license on that date. This was further corroborated by the PICS database report that Maleta's firearms license application was denied in 2015. Therefore, the evidence was sufficient to prove that Maleta did not have a valid firearms license on the date alleged, and Maleta is not entitled to relief on this claim.

Judgment of sentence affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2022